IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD RAY COWAN, | ) |
| Petitioner, | ) |
| v. | ) Case No. 19-CV-0639-JED-FHM |
| SCOTT CROW,[1] | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner Donald Ray Cowan commenced this action on November 25, 2019, by filing a 28 U.S.C. § 2254 petition for writ of habeas corpus (Doc. 1) and submitting the requisite filing fee (Doc. 2). For the reasons that follow, the Court finds that the habeas petition should be dismissed, without prejudice, for lack of subject-matter jurisdiction.

**I.    Background**

Petitioner brings this action to challenge the judgment and sentence entered against him in the District Court of Tulsa County, Case No. CF-2005-1.[2] Doc. 1, at 1.[3] In that case, a jury found

---

[1] Petitioner identifies Respondent as "Director of the Oklahoma Department of Corrections." Doc. 1, at 1. The Court therefore substitutes Scott Crow, Interim Director of the Oklahoma Department of Corrections, as the proper respondent. *See* Fed. R. Civ. P. 25(d). The Clerk of Court shall update the record to reflect this substitution.

[2] As further discussed below, Petitioner previously filed a § 2254 petition challenging the same judgment and sentence. Doc. 1, at 12; *see Cowan v. Standifird*, No. 10-CV-0256-GKF-tlw, 2013 WL 607862 (N.D. Okla. Feb. 19, 2013) (unpublished), *certificate of appealability denied* 533 F. App'x 857 (10th Cir. 2013). Because Petitioner's instant habeas petition does not identify many facts relating to his underlying state conviction, the Court takes judicial notice of some facts from its prior decision. *See St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) (noting federal courts may take judicial notice of their own records and files).

[3] For consistency, the Court's record citations refer to the CM/ECF header page number in the upper right-hand corner of the petition.

petitioner guilty of first-degree manslaughter. *Cowan*, 2013 WL 607862, at *1. In rendering its verdict, the jury rejected Petitioner's claim "that the shooting was justified and that he acted in self-defense." *Cowan*, 2013 WL 607862, at *1. In accordance with the jury's recommendation, the trial court sentenced Petitioner to serve four years in prison, the minimum sentence permitted under Oklahoma law. *Id.* Petitioner filed a direct appeal and, in 2009, the Oklahoma Court of Criminal Appeals (OCCA) affirmed Petitioner's judgment and sentence. *Id.* at *2.

Petitioner filed his first § 2254 petition in 2010. *Id.* In that petition, he (1) claimed the jury instructions and prosecutor's arguments denied him equal protection, (2) prosecutorial misconduct deprived him of a fair trial, and (3) trial counsel's deficient performance deprived him of his constitutional right to the effective assistance of counsel.[4] *Id.* In 2013, this court considered the merits of each of these claims and denied habeas relief. *Id.* at *5-11.

In 2019, Petitioner filed a petition for writ of habeas corpus in state court, alleging the trial court lacked personal and subject-matter jurisdiction and challenging "Several Void Judgments issued by the District Trial Court and Oklahoma Court of Criminal Appeals." Doc. 1, at 2.[5] The Oklahoma Supreme Court transferred the petition to the OCCA, and the OCCA denied relief on

---

[4] The court denied Petitioner's request to add additional, untimely claims asserting that his conviction violated (1) his rights under the Second Amendment, (2) his Fourth Amendment right to be free from an unreasonable search and seizure, (3) his Fifth Amendment right to be free from self-incrimination, and (4) the separation of powers clause of the Tenth Amendment. *Cowan*, 2013 WL 607862, at *3-4.

[5] Petitioner states he also sought postconviction relief in Tulsa County District Court, raising a "Jurisdictional Challange [sic] among others." Doc. 1, at 3. Petitioner states relief was denied for "Lack of Jurisdiction as to Completing Sentence." *Id.* However, Petitioner provides no information regarding the date he filed this application for postconviction relief or the date of the decision denying relief. *Id.* The state-court record reflects Petitioner filed at least three applications for postconviction relief in state district court, in 2014, 2016, and 2019, and filed multiple petitions for mandamus and extraordinary relief. *See* Docket Sheet, *State v. Cowan*, No. CF-2005-1, http://www.oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&number=CF-2005-1&cmid=1568002, last visited Dec. 2, 2019.

November 22, 2019.  *Id.*; *see also Cowan v. State*, No. HC-2019-680 (Okla. Crim. App. Nov. 22, 2019), http://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=HC-2019-680&cmid=126906, last visited Nov. 27, 2019.

Petitioner filed the instant § 2254 petition three days later, on November 25, 2019.  Doc. 1, at 1.  He seeks federal habeas relief on four grounds:

> 1. The Tulsa County District Trial Court lost both Personal and Subject Mater [*sic*] Jurisdiction over the Petitoner [*sic*] & The Subject Matter on May 12, 2006, thereby rendering a void judgment of guilt.
>
> 2. The Oklahoma Court of Criminal Appeals has denied me due process of law, by abusing procedure to avoid reaching the merrits [*sic*] of my Direct Appeal and every subsequent preceeding [*sic*] thereafter[.]
>
> 3. U.S. District Judge Frizzell of the Northern District of Oklahoma, acted in a manner inconsistent with due proccess [*sic*] of law by "setting on" my first Application for Relief until I discharged my sentence.
>
> 4. Denied Effective Assistance of Counsel during both the Trial and Direct Appeal for their Failure to Raise Jurisdictional issues and bring them before the Court.

Doc. 1, at 5, 7-8, 10.  Petitioner asks this Court to issue a writ of habeas corpus "setting aside the Void Mandates of the [OCCA] for their abuse of procedure, and acting in a manner inconsistent with due process of law and Vacating the Void Judgment of Guilt issued by the Tulsa County District Court."  Doc. 1, at 15.

**II.     Analysis**

Federal district courts have a duty to "promptly examine" habeas petitions filed pursuant to 28 U.S.C. § 2254.  Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts* ("Habeas Rule 4").  And, "if 'it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court,' the court must summarily dismiss the petition without ordering a responsive pleading."  *Mayle v. Felix*, 545 U.S. 644, 656 (2005) (quoting Habeas Rule

4). More generally, this Court has "'an independent obligation to determine whether subject-matter jurisdiction exists,'" and should dismiss an action "at any stage of the litigation" if it determines jurisdiction is lacking. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)).

The Court finds the instant petition must be summarily dismissed because it is plainly apparent that the Court lacks subject-matter jurisdiction.

### A. Petitioner is not "in custody" under a state-court judgment.

First, it does not appear that Petitioner is currently "in custody" under the state-court judgment entered against him in Tulsa County District Court Case No. CF-2005-1. In nearly all cases, federal court jurisdiction over habeas petitions filed by state prisoners is governed by 28 U.S.C. § 2254(a). To invoke this Court's jurisdiction under § 2254(a), a habeas petitioner must allege facts demonstrating (1) that the petitioner is "in custody" as to the state-court judgment he or she seeks to challenge and (2) that the petitioner's challenge to his or her custody involves an alleged violation of either (a) the United States Constitution, (b) federal laws, or (c) treaties of the United States. 28 U.S.C. § 2254(a); *see Kirby v. Janecka*, 379 F. App'x 781, 782-83 (10th Cir. 2010) (unpublished) (explaining that § 2254(a) "authorizes federal courts to review habeas petitions only if the petitioner's claims satisfy both a status and a substance requirement. The status requirement mandates that the petitioner raise his claims while he is in custody, and the substance requirement mandates that those claims assert a right to release from that custody on federal law grounds."); *see also McCormick v. Kline*, 572 F.3d 841, 848 (10th Cir. 2009) ("Section 2254's in-custody requirement is jurisdictional.").

Even liberally construed, Petitioner's allegations do not show that he can satisfy the status requirement. Petitioner provides a prisoner number and identifies his place of confinement as

4

"State of Oklahoma-Violent Offender Registry." Doc. 1, at 1. According to the Oklahoma Department of Corrections website, Petitioner discharged his four-year sentence in Tulsa County District Court Case No. CF-2005-1 on May 20, 2011, and Petitioner is not currently incarcerated. *See* https://okoffender.doc.ok.gov, last visited Nov. 27, 2019.

It's true that a habeas "petitioner need not . . . demonstrate actual, physical custody to obtain relief." *Dickey v. Allbaugh*, 664 F. App'x 690, 693 (10th Cir. 2016) (citing *Maleng v. Cook*, 490 U.S. 488, 491 (1989) (*per curiam*)). But the petitioner must show, at a minimum, that the "state-court criminal conviction has subjected the petitioner to "severe restraint on [his or her] individual liberty." *Id.* at 692 (alteration in original) (quoting *Hensley v. Mun. Ct.*, 411 U.S. 345, 351 (1973)). Petitioner attempts to make this minimal showing by asserting he has "a life sentence of being denied [his] Second Amendment right to keep and bear arms because of [his] Void Judgment along with having to register as a Violent Offender." Doc. 1, at 13. Petitioner's conviction for first-degree manslaughter does require him to register as a violent offender. *See* OKLA. STAT. tit. 57, § 593(A)(1) & (B)(3) (mandating registration following manslaughter conviction). However, this registration requirement is a collateral consequence of Petitioner's conviction, not a "significant restraint on liberty" sufficient to satisfy § 2254(a)'s in-custody requirement. *See Calhoun v. Att'y Gen. of Colo.*, 745 F.3d 1070, 1074 (10th Cir. 2014) (holding that requirement to register under state sex-offender statutes does not satisfy § 2254's condition that the petitioner be "in custody" at the time he or she files a habeas petition); *see also Dickey*, 664 F. App'x at 693 (concluding that Oklahoma's sex-offender registration requirement, though more restrictive than Colorado's sex-offender registration requirement which was considered in *Calhoun*, did not "impose a severe restraint on [petitioner's] freedom sufficient to satisfy the 'in custody' requirement of § 2254"). While neither *Calhoun* nor *Dickey* considered whether

Oklahoma's violent-offender registration requirement constitutes a "significant restraint" on a person's liberty that would render the person "in-custody" for habeas purposes, the Court finds the reasoning in both cases would apply here. The Court therefore finds that Petitioner's violent-offender registration requirement, like the sex-offender registration requirements at issue in *Calhoun* and *Dickey*, is a collateral consequence of his conviction, not a continuation of his punishment. *See Dickey*, 664 F. App'x at 693-94; *Calhoun*, 745 F.3d at 1072-74. As a result, Petitioner cannot rely on his violent-offender registration requirement to demonstrate that he is in custody as required to invoke this Court's jurisdiction under § 2254(a). Thus, the Court finds the petition should be dismissed without prejudice for lack of subject-matter jurisdiction.

### B. The instant petition is an unauthorized "second or successive" petition.

Second, even assuming Petitioner's violent-offender registration requirement is a sufficiently "significant restraint" on his liberty to satisfy the in-custody requirement, the Court also lacks jurisdiction because the instant petition is an unauthorized "second or successive" habeas petition. As relevant here, a second-in-time federal habeas petition is "second or successive" under 28 U.S.C. § 2244(b) if a petitioner has "twice brought claims contesting the same custody imposed by the same judgment of a state court." *Burton v. Stewart*, 549 U.S. 147, 153 (2007). In some circumstances, § 2244(b) permits a state prisoner to bring additional habeas claims in a second or successive habeas petition. 28 U.S.C. § 2244(b)(2). But in all cases, "[b]efore a second or successive application permitted by [§ 2244(b)] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *Id.* § 2244(b)(3)(A).

While Petitioner asserts some new claims in the instant petition, he nevertheless challenges the same state-court judgment that he challenged through his 2010 federal habeas petition—

namely, the judgment entered against him in Tulsa County District Court Case No. CF-2005-1. *Compare Cowan*, 2013 WL 607862, at *1-2 (raising jury-instruction, prosecutorial-misconduct, and ineffective-assistance-of-counsel claims), *with* Doc. 1, at 5, 7-8, 10 (challenging trial court's jurisdiction over 2007 trial, asserting two due-process claims, and asserting new allegations of trial and appellate counsel's ineffectiveness). As a result, Petitioner was required to obtain authorization from the Tenth Circuit Court of Appeals before filing the instant habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A). He candidly admits that he did not do so. Doc. 1, at 8. Consequently, the Court finds the instant petition is an unauthorized successive petition and should be dismissed, without prejudice, for lack of jurisdiction.[6] *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (*per curiam*) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the court of appeals] has granted the required

---

[6] Petitioner seeks to avoid this result by suggesting he brings this petition to challenge "a brand new judgment." Doc. 1, at 8; *see Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010) (explaining that "where, unlike in *Burton*, there is a 'new judgment intervening between the two habeas petitions,' an application challenging the resulting new judgment is not 'second or successive' at all" (quoting *Burton*, 549 U.S. at 156)). He specifically asserts the instant habeas "petition arises from a denial of Habeas Corpus Relief at the State level with an order dated on 11/22/2019." Doc. 1, at 13. Contrary to Petitioner's apparent belief, the OCCA's order denying his request for state habeas relief did not create a new, intervening state-court judgment authorizing his confinement. Rather, that order simply denied Petitioner's request for extraordinary relief.

7

authorization.").[7]

**III. Conclusion**

For the reasons just discussed, the Court concludes that the habeas petition must be dismissed without prejudice for lack of subject-matter jurisdiction. Further, because the Court finds that reasonable jurists would not debate this Court's determination that it lacks jurisdiction, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (identifying showings habeas petitioner must make to obtain certificate of appealability following adverse procedural ruling).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of Court shall note on the record the substitution of Scott Crow in place of Director of the Oklahoma Department of Corrections as party respondent.

2. The petition for writ of habeas corpus (Doc. 1) is **dismissed without prejudice** for lack of subject-matter jurisdiction.

3. A certificate of appealability is **denied**.

4. A separate judgment of dismissal shall issue herewith.

---

[7] The Court recognizes that it has discretion to transfer this matter to the Tenth Circuit Court of Appeals for authorization under § 2244(b)(3). *See Cline*, 531 F.3d at 1252; 28 U.S.C. § 1631. But the Court finds no good reason to exercise that discretion here. Even if Petitioner could overcome the two jurisdictional defects identified herein, his habeas petition suffers from additional defects. Two of his claims—the challenge to the trial court's jurisdiction and the ineffective-assistance-of-counsel claim—are subject to being dismissed, respectively, as time-barred, under 28 U.S.C. § 2244(d)(1), and as procedurally-barred. His remaining two claims—alleging due process violations occurred during state post-conviction proceedings and the first federal habeas proceeding—do not appear to state cognizable habeas claims. *See, e.g.*, *Shipley v. Oklahoma*, 313 F.3d 1249, 1251 (10th Cir. 2002) (reiterating that allegations of state law procedural errors generally are not cognizable on federal habeas review). Under these circumstances, the Court finds dismissal without prejudice more appropriate than transfer. *See Cline*, 531 F.3d at 1250-53 (discussing factors to consider in determining whether transfer under § 1631 is appropriate).

ORDERED this 4th day of December, 2019.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT